UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TONY GARCIA,

    Plaintiff,

v.                                                           Case No. 3:21cv514-LC-HTC

SECRETARY OF THE FLORIDA DEPARTMENT
OF CORRECTIONS RICKY D. DIXON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Before this Court is Defendant Secretary of the Florida Department of Corrections, Ricky Dixon's, motion to dismiss Plaintiff, Tony Garcia's, amended complaint, ECF Doc. 11, which seeks to bring claims under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. ECF Doc. 49. Plaintiff has provided a response. ECF Doc. 55. After reviewing the motion, the response, and the relevant law, the undersigned respectfully recommends Defendant's motion (ECF Doc. 49) be GRANTED.

## I. BACKGROUND

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), is a paraplegic with stage four gastric cancer and a broken right elbow. ECF Doc. 11 at 5. The basis of Plaintiff's claims is he was denied reasonable accommodations while he was incarcerated at Santa Rosa Correctional Institution ("SRCI"). *Id.* at 2-3. The following facts are summarized and accepted as true for the purposes of this Recommendation.[1]

Plaintiff was denied use of the handicap toilet next door, when the one he had access to was inoperable due to maintenance issues. ECF Doc. 11 at 5-6. Plaintiff wrote several grievances regarding this issue to no avail. *Id.* Plaintiff was also not provided a "replacement shower wand and hose for the handicap shower," and his grievances were denied regarding this issue. *Id.* at 15. Lastly, Plaintiff was denied a privacy screen for the handicap shower and toilet and was, thus, forced to shower out in the open for the dorm to watch as Plaintiff attempted to bathe himself with one arm and forced to clean himself up out in the open after an accident at the handicap toilet. *Id.* at 16.

---

[1] Plaintiff originally brought claims for monetary damages and injunctive and declaratory relief against the Secretary, Warden Donald Leavins, and Assistant Warden J. Santiago, each in their official capacities. ECF Doc. 11 at 22-23. The Court dismissed Plaintiff's declaratory relief and Eighth Amendment claims against all Defendants in their official capacities, and found the Wardens to be redundant defendants. ECF Docs. 13, 20.

Defendant Dixon seeks dismissal on the following grounds: (1) Plaintiff's claims for monetary damages are barred by Eleventh Amendment Immunity, and (2) Plaintiff's claims for injunctive relief are moot because Plaintiff is no longer an inmate at SRCI. ECF Doc. 49. As an initial matter, Plaintiff states in his response that he "concedes that the Florida Department of Corrections Secretary has immunity from [] monetary damages in his official capacity." ECF Doc. 56 at 1. Given that concession, the Court will only address the second argument raised by Dixon – mootness. *See A.L v. Jackson County School Bd.*, 635 Fed. App'x. 774, 787 (11th Cir. 2015) ("Appellants waived their claims by failing to brief them, failing to respond to the Board's motion for summary judgment."); *Bryant v. City of Dothan, Alabama*, 2018 WL 5317930, at *5 (M.D. Ala. July 12, 2018), *report and recommendation adopted sub nom. Bryant v. City of Dothan, Ala,* 2018 WL 4219423 (M.D. Ala. Sept. 5, 2018) ("Since Plaintiff has specifically conceded summary judgment is due to be granted on Counts VI, VII, VIII and X against the City of Dothan and Defendant Parrish, the Court concludes that summary judgment is due to be entered on these claims and these claims dismissed in full.").

## II. LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citation omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

### III.  ANALYSIS

As injunctive relief, Plaintiff requests the Court to issue an injunction requiring SRCI to (1) maintain handicap toilet #6 in working order, (2) supply a privacy screen for the handicap shower to be anchored to the wall, (3) supply a privacy screen for the handicap toilet (4) supply and maintain a new shower hose and wand for the handicap shower. . . and (5) have a sign painted in the handicap shower wall.[2] ECF Doc. 11 at 22-23. According to Defendant, because Plaintiff has

---

[2] Defendant highlights this injunctive relief is only as to Warden Leavins and does not apply to Defendant Dixon. However, due to the Court dismissing the ADA and RA claims against Warden Leavins because naming the Warden and Assistant Warden in their official capacities was redundant to naming Defendant Dixon in his official capacity, ECF Doc. 13 at 16-17, the Court will apply these requests for relief to Defendant Dixon.

been transferred to Graceville Correctional Facility ("Graceville") his claims are moot.

It is well established that, "[i]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). In the Eleventh Circuit, the general rule is the transfer or release of a prisoner from custody or a certain level of classification will moot that prisoner's claims for injunctive relief. *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011); *see also Walker v. Walker*, 2012 WL 3610526 at *4 n.1 (M.D. Ga. June 15, 2012) (stating a prisoner's claims for injunctive relief under § 1983 and Title II of the ADA were "dismissed as moot because Plaintiff ha[d] been transferred"). "The reason for this rule is that injunctive relief is 'a prospective remedy, intended to prevent future injuries,' and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained." *Smith*, 502 F.3d at 1267.

There is a narrow exception to the doctrine of mootness when a challenged action is capable of being repeated and when it evades review, but it only applies when: "(1) there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the

challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Al Najjar*, 273 F.3d at 1336 (internal quotation marks omitted).

In response to Defendant's motion, Plaintiff contends he is entitled to injunctive relief for his ADA and RA claims because he "was transferred for exercising his United States First Amendment freedoms through grievances and his 1983 complaint." ECF Doc. 55 at 1. Plaintiff asks the Court to "not dismiss his complaint" and to "transfer him back to [SRCI]." *Id*.

The undersigned agrees with the Secretary that Plaintiff's claims for injunctive relief are moot. Plaintiff's requested injunctive relief concerns conditions in a prison at which he is no longer incarcerated. *See Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 476–77 (11th Cir. 2015) ("Because [plaintiff] has transferred prisons, his claims for injunctive relief no longer present a case or controversy over which we have jurisdiction."). Since filing the complaint, Plaintiff has been transferred from SRCI and has not shown that he will be returned there or that the conditions complained of will still be an issue, even if he is returned to SRCI. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate

has been transferred). Thus, Plaintiff has not met the narrow exceptions to the mootness doctrine.

Furthermore, Plaintiff's argument that he is entitled to relief because he was transferred in retaliation for filing grievances is insufficient to overcome the motion to dismiss. Plaintiff does not have a pending claim for retaliation and cannot amend his complaint through a response. *See Grier v. State of Fla.,* 2005 WL 1073932, at *2 (M.D. Fla. Apr. 18, 2005) ("And while Plaintiff has expanded greatly on his arguments and the case law supporting them in his Responses, the Court can only look to the four corners of the complaint in adjudging a motion to dismiss."). Plaintiff appears to find the conditions at Graceville to be worse than those at SRCI. For example, Plaintiff contends he has been denied "medical such as iron supplements, treatment for his cancer, treatment for his low blood glucose, and Imodium," and has not been provided sufficient toilet paper, a privacy screen for the toilet, or an impaired inmate assistant. ECF Doc. 55 at 2.

However, the problems at Graceville are not before the Court. Thus, to the extent he seeks relief for the issues at Graceville, the relief sought is "not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ( "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.")

Case No. 3:21cv514-LC-HTC

*opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); *see also Bruce v. Reese*, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted)). Instead, if Plaintiff wants to pursue a claim for retaliation, Plaintiff should file a separate action, identifying the appropriate defendant and alleging facts sufficient to support such a claim.[3] Before doing so, however, he should first ensure he has exhausted the claim. Plaintiff should keep in mind, however, that conclusory allegations of retaliation will not be sufficient. *See Smith v. Fla. Dep't of Corr.*, 375 F. App'x 905, 911 (11th Cir. 2010) ("Smith's complaint makes only conclusory allegations of a retaliatory motive; it does not allege facts sufficient to raise that conclusion above the speculative level."); *Enriquez v. Kearney,* 694 F. Supp. 2d 1282, 1298 (S.D. Fla. 2010) ("A prisoner retaliation claim must be factual, and mere conclusory allegations of unconstitutional retaliation will not suffice.").

Plaintiff should also keep in mind that his request for the Court to send him back to SRCI is the type of relief that courts are hesitant to provide because it requires the courts to interfere with the administration of prisons, which they are ill-equipped to do. *See Glenn v. Williams*, 2018 WL 6599111, at *3 (M.D. Ga. Oct. 26,

---

[3] Graceville is located in Jackson County, Florida; thus, any such action would need to be filed in the Panama City Division of this Court and would not be proper in this Division.

Case No. 3:21cv514-LC-HTC

2018), *report and recommendation adopted,* 2018 WL 6062317 (M.D. Ga. Nov. 20, 2018) ("Further Plaintiff's request for transfer involves matters of internal prison administration with which federal courts are ill equipped to interfere."). Indeed, when it comes to a claim of retaliation and the assignment of an inmate to a particular institution or housing classification, "[i]t is essential that federal courts 'carefully scrutinize retaliation claims'" and "must approach prisoner claims of retaliation with skepticism and particular care." "'Claims of retaliation are ... easily fabricated [and] pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration. This is so because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized [by the prisoner] as a constitutionally proscribed retaliatory act.'" *Alverson v. Mills,* 2021 WL 1215804, at *8 (M.D. Ala. Jan. 20, 2021), *report and recommendation adopted in part,* 2021 WL 1216851 (M.D. Ala. Mar. 30, 2021) (internal citations omitted).

Because Plaintiff's claims for injunctive relief are moot, the undersigned recommends the motion to dismiss be GRANTED.[4]

---

[4] Plaintiff adds to the end of his response that he wants the Court to "allow him to amend the complaint to add Secretary Mark S. Inch in his personal capacity." ECF Doc. 55 at 2. This request is denied as futile as "there is no individual capacity liability under Title II of the ADA or the RA." *Badillo v. Thorpe,* 158 F. App'x 208, 211 (11th Cir. 2005) (unpublished).

Case No. 3:21cv514-LC-HTC

## IV. CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. Defendant Dixon's Motion to Dismiss (ECF Doc. 49) be GRANTED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this this 11th day of May, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.